**Exhibit A**

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF SENECA

**RECEIVED**

JAN 08 2013

---

Melody Reynolds,

                    Plaintiff,


          — against—


GC Services Limited Partnership,

                    Defendant(s).

---

Index No. 46826 1

## SUMMONS

FILED
County Clerks Office
Dec 26,2012 02:26P
Christina L. Lotz
Seneca County Clerk

**The basis of the venue designated is Plaintiff's Residence:**
5585 RT 86
Romulus, NY 14541

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Seneca at the office of the Clerk of the said Court at 48 West Williams Street, Waterloo, NY 13165 in the County of Seneca, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: December 19, 2012
New York, New York

Law Offices of Robert S. Gitmeid & Assoc., PLLC

By: _____
          Stuart Werbin, Esq.
          11 Broadway, Suite 1310
          New York, NY 10004
          Tel (866) 707-4595 ext. 1004
          Fax (866) 460-5541
          Stuart.Werbin@gitmeidlaw.com
          *Attorneys for Plaintiff*

JAN 0 9 2013
CUSTOMER CARE

NOTE: The law provides that:

(a) if this summons is served by its delivery to you personally within the County of Seneca, State of New York, you must appear and answer within TWENTY days after such service; or

(b) if this summons is served by delivery to any person other than you personally, or is served outside the County of Seneca, State of New York, or by publication, or by any means other than personal delivery to you within the County of Seneca, State of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF SENECA

Melody Reynolds,

               Plaintiff,

     – against–

GC Services Limited Partnership,

               Defendant(s).

Index No.: 41861

**VERIFIED COMPLAINT**

Plaintiff MELODY REYNOLDS, by and through her attorneys, Law Offices of Robert S. Gitmeid & Associates, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Melody Reynolds, is an adult residing in Romulus, NY.

3. Defendant GC Services Limited Partnership is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 6330 Gulfton, Ste 303, Houston, TX 77081. The principal purpose of Defendant is the collection of debts using the mails and

telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

5. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant GC Services Limited Partnership attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Citibank.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. GC Services Limited Partnership sent Plaintiff a dunning letter dated September 5, 2012.

9. In this letter, GC Services Limited Partnership offered a settlement on the alleged debt.

10. In this letter, GC Services Limited Partnership stated the following: "If you wish to take advantage of this **one-time offer**, contact our office . . . . If the settlement amount is not received within 83 days of the date of this letter, this offer will become null and void."

11. Upon information and belief, GC Services Limited Partnership never intended its offered settlement to be a "one-time offer." As such, this language was false and misleading.

12. Additionally, since GC Services Limited Partnership never intended its offered settlement to be a "one-time offer", its threat that "If the settlement amount is not received within 83 days of the date of this letter, this offer will become null and void" was a false and misleading statement.  Even if the settlement amount were not received, it would not prevent future settlements.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CAUSE OF ACTION
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

18. Defendants violated provisions of the FDCPA, including, but not limited to, the following:

19. The FDCPA § 1692e prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. GC Services Limited Partnership never intended its offered settlement to be a "one-time offer." As such, this language was false and misleading. Additionally, since GC Services Limited Partnership never intended its offered settlement to be a "one-time offer", the letter's threat that "If the settlement amount is not received within 83 days of the date of this letter, this offer will become null and void" was a false and misleading statement. Even if the settlement amount were not received, it would not prevent future settlements.

20. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $15,000 be entered against Defendant as follows:

1) That judgment be entered against all Defendants for actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*;

2) That judgment be entered against Defendant for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

3) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

4) That the Court grant such other and further relief as may be just and proper.

Dated: December 19, 2012
New York, New York

Law Offices of Robert S. Gitmeid & Assoc., PLLC

By:_____
Stuart Werbin, Esq.
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541
Stuart.Werbin@gitmeidlaw.com
*Attorneys for Plaintiff*

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF NEW YORK   )

     I, STUART WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

     I am an attorney associated with the Law Offices of Robert S. Gitmeid & Associates, attorneys for DONAYDA GORIS, the plaintiff in the foregoing matter, with an office located at 11 Broadway, New York, NY 10004.  I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

     That the reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: New York, New York
December 19, 2012

                                     _____
                                     STUART WERBIN

## AFFIRMATION OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

I, Stuart Werbin, an attorney duly admitted to practice law in the State of New York, hereby affirm the following under penalty of perjury:

I am not a party to the action, I am over 18 years of age and have an office at 11 Broadway, Suite 1310, New York, New York 10004.

On the 2nd day of January, 2013, I mailed the within SUMMONS AND VERIFIED COMPLAINT by depositing true copies thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the US Postal Service within New York State, addressed to the following Defendant:

GC Services Limited Partnership
6330 Gulfton, Ste 303
Houston, TX 77081

_____
STUART WERBIN